# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

MICHAEL RAY GOUDY                                                                PLAINTIFF

v.                                                                    CIVIL CASE NO. 4:19-CV-64-RP

COMMISSIONER OF SOCIAL SECURITY                                                  DEFENDANT

## JUDGMENT

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law; and having heard oral argument; and for the reasons below and for those announced on the record at the conclusion of the parties' oral argument in this matter, finds as follows:

The Commissioner's decision is not supported by substantial evidence because the ALJ failed to fulfill his duty to fully and fairly develop the record. After learning at the administrative hearing that the plaintiff had received treatment at Baptist Medical Center Attala in the time since he allegedly became disabled, the ALJ informed the plaintiff, who was unrepresented at the hearing, that the records from that medical provider would be ordered. However, the record is devoid of evidence that the ALJ ordered or considered those records before rendering his decision. This failure to develop the record prejudiced the plaintiff because the Baptist records contain evidence that might have altered the result. *See Kane v. Heckler,*

731 F.2d 1216, 1220 (5th Cir. 1984) (holding that to show prejudice from failure to develop adequate record, plaintiff "must show that, had the ALJ done his duty, she could and would have adduced evidence that might have altered the result").

Specifically, the Baptist records contain a December 5, 2016 x-ray report that found moderately severe osteoarthritis of the left hip, a copy of which report the plaintiff submitted to this court. Without obtaining or considering this report, the ALJ rejected consultative examining physician George Smith's opinion essentially limiting the plaintiff to sedentary work, in part because Dr. Smith's opinion is inconsistent with a June 13, 2018 x-ray report finding only mild degenerative arthritis in both hips. Had the ALJ ordered and considered the Baptist x-ray report finding a more severe degenerative condition (as he said he would do), the ALJ might have given more weight to Dr. Smith's opinion which, if accepted, would have resulted in a finding of disability under the grid rules.

The Commissioner argues that remand for consideration of the Baptist x-ray report is not permitted under 42 U.S.C. § 405(g), which permits remand for consideration of additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." The Commissioner challenges both the materiality of the subject x-ray report and the plaintiff's good cause for failing to incorporate it into the record in a prior proceeding.

Implicit in the materiality requirement is that "the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Haywood v. Sullivan,* 888 F.2d 1463, 1472 (5th Cir. 1989) (quoting *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir. 1985)). The Commissioner argues that because supplemental security income benefits

may not be awarded for any period of time prior to the date of the application for benefits, and that because the December 5, 2016 Baptist x-ray report predates the plaintiff's June 13, 2017 application for benefits in this case, the report does not relate to the period for which benefits were denied.  The court disagrees.

There is no rigid requirement that in order to relate to the time period for which benefits were denied, the new evidence must be dated within that time period.  *See, e.g., Ripley v. Chater,* 67 F.3d 552, 556 (5th Cir. 1995) (finding evidence obtained from surgery subsequent to ALJ's decision related to time period for which benefits were denied); *Latham v. Shalala,* 36 F.3d 482, 483-484 (5th Cir. 1994) (finding VA disability rating that post-dated ALJ's decision related to time period for which benefits were denied); *Perkins v. Shalala,* 36 F.3d 90 (summary calendar), 1994 WL 523788, at *3-5 (5th Cir. 1994) (unpublished) (finding medical evidence that post-dated ALJ's decision was material because there was strong showing that it confirmed plaintiff was suffering from disabling condition at time ALJ denied benefits).

In this case, although the Baptist x-ray report predates the plaintiff's application for supplemental security income benefits by approximately six months, the x-ray report found moderately severe osteoarthritis of the left hip, a degenerative condition that by definition can be expected to worsen over time or, at the very least, to not improve on its own.  In other words, one may reasonably infer from the report that the plaintiff continued to suffer from this condition after he applied for benefits six months later.  The court finds that this evidence reasonably relates to the time period for which benefits were denied.

In addition to the timing element of materiality, there must exist the "reasonable possibility that it would have changed the outcome of the Secretary's determination."  *Latham v. Shalala,* 36 F.3d 482, 484 (5th Cir. 1994) (quoting *Chaney v. Schweiker,* 659 F.2d 676, 679 (5th

Cir. 1981)). The court finds that such a possibility exists for the same reason the court finds the plaintiff suffered prejudice from the ALJ's failure to develop the record as discussed above.

As to the Commissioner's challenge of the plaintiff's good cause for failing to incorporate the Baptist x-ray report into the record in a prior proceeding, the court believes the unrepresented plaintiff was reasonably entitled to rely upon the ALJ's representation that the Baptist records would be ordered. The Commissioner points out that the plaintiff appointed counsel to represent him after the hearing decision and before the Appeals Council decision, but it is unclear from the record whether counsel was aware either that the ALJ had stated he would order the Baptist records or that those records contained an x-ray report that might affect the Commissioner's decision. *See Taylor v. Callahan,* No. Civ.A. 96-2603, 1997 WL 345786, at *4 (E.D. La. June 19, 1997) (finding good cause for failure to present evidence of IQ tests to Appeals Council where, although plaintiff was represented by counsel in Appeals Council proceedings, it was unclear from record whether counsel was aware of test results). The court finds there is good cause for the plaintiff's failure to incorporate the subject x-ray report in prior proceedings, and § 405(g) does not preclude remand to the Commissioner for consideration of this new evidence.

For these reasons, this case is remanded to the Commissioner for a reevaluation of the plaintiff's application that takes into account the plaintiff's medical records from Baptist Medical Center Attala, including specifically the December 5, 2016 x-ray report.

SO ORDERED, this the 4th day of October, 2019.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE