# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

MICHAEL RAY GOUDY                                                     PLAINTIFF

v.                                                                       CIVIL CASE NO. 4:19-CV-64-RP

COMMISSIONER OF SOCIAL SECURITY                             DEFENDANT

## ORDER

This matter is before the court on the Commissioner's Motion for Relief from Judgment or Order. Docket 25. The Commissioner argues that it is unclear from the court's judgment (Docket 19) whether it is intended to be a final judgment reversing and remanding the case for a rehearing under sentence four of § 405(g) or a remand to consider new evidence under sentence six of § 405(g), and that therefore the judgment is void and requires clarification under *Istre v. Apfel,* 208 F.3d 517 (5th Cir. 2000). Alternatively, the Commissioner requests relief from the judgment based on newly discovered evidence that the Commissioner contends supports its decision denying benefits. The court agrees that the judgment lacks clarity under *Istre* as to whether it is a sentence four final judgment or a sentence six remand, and as such the Commissioner's motion is well taken in that regard and will be granted in part. Having concluded, as is discussed further below, that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to fully and fairly develop the record, the court will enter an amended judgment making clear that it is a sentence four final judgment as opposed to a sentence six remand. The Commissioner's alternative request for relief from the judgment based on newly discovered evidence is not well taken and will be denied.

## The ALJ failed to fully and fairly develop the record.

With respect to applications for supplemental security income, the regulations provide that before the Commissioner makes a determination that a claimant is not disabled, "we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application." 20 C.F.R. § 416.912(b)(1). The plaintiff in the instant case filed his application on June 13, 2017 alleging disability beginning 12 months earlier on June 13, 2016. Therefore, the Commissioner had a duty to develop the plaintiff's medical history for at least the 12 months preceding June of 2017.

After learning at the administrative hearing that the plaintiff had received treatment at Baptist Medical Center - Attala ("Baptist") in the time since June of 2016, the ALJ informed the plaintiff, who was unrepresented at the hearing, that the records from that medical provider would be ordered from June 2016 to the present. However, contrary to the regulations and the ALJ's representation to the plaintiff, the ensuing records request to Baptist only requested records from January 2017 to the present. This failure to develop the record prejudiced the plaintiff because the plaintiff's Baptist records for December 2016 contain evidence that might have altered the result. *See Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir. 1984) (holding that to show prejudice from failure to develop adequate record, plaintiff "must show that, had the ALJ done his duty, she could and would have adduced evidence that might have altered the result").

Specifically, the Baptist records that the ALJ had a duty to request and said he would request -- but did not request -- contain a December 5, 2016 x-ray report that found moderately

severe osteoarthritis of the left hip, a copy of which report the plaintiff submitted to this court on appeal. Without obtaining or considering this report, the ALJ rejected consultative examining physician George Smith's opinion essentially limiting the plaintiff to sedentary work, in part because Dr. Smith's opinion is inconsistent with a June 13, 2018 x-ray report finding only mild degenerative arthritis in both hips. The ALJ discounted the plaintiff's statements about his limitations in part for the same reason. Had the ALJ ordered and considered the Baptist x-ray report finding a more severe degenerative condition, the ALJ might have given more credence to the plaintiff's statements and more weight to Dr. Smith's opinion which, if accepted, would have resulted in a finding of disability under the grid rules.

The Commissioner argues that because SSI benefits are not payable for any month preceding the plaintiff's application, and because the relevant time period in this case therefore began only when the plaintiff filed his application on July 13, 2017, the ALJ's failure to obtain the December 5, 2016 x-ray cannot be prejudicial. In support, the Commissioner cites several decisions in other courts within the Fifth Circuit for the proposition that pre-application evidence is irrelevant to an application for SSI. However, those cases are factually distinguishable from this case.

In *Cross o/b/o T.C. v. Berryhill*, while "properly focus[ing] his inquiry on the period between the [SSI] application date and the ALJ's decision," the ALJ nonetheless considered and summarized the pre-application medical evidence, which "was relevant to developing a medical history." No. 3:16-cv-899-HTW-JCG, 2018 WL 1163302, at *3-4 (S.D. Miss. Jan. 30, 2018). In the instant case, on the other hand, the ALJ did not consider, summarize or even request – as he said he would – the records containing the pre-application x-ray report.

3

In *Van Vorst v. Colvin,* the district court did not take up the plaintiff's challenge of the ALJ's omission of her arthritis as a serious impairment because the only evidence the plaintiff cited in support of that impairment pre-dated her SSI application. No. 3:14-cv-3018-BK, 2015 WL 5287019, at *1 n.2 (N.D. Tex. Sept. 10, 2015). In the instant case, on the other hand, there is post-application evidence supporting a disabling condition, including Dr. Smith's medical opinion. The ALJ discounted Dr. Smith's opinion because it was inconsistent with the only x-ray report of which the ALJ was aware, when in fact there is a pre-application x-ray report – contained in the records the ALJ had a duty to obtain and said he would obtain but did not -- showing a more severe degenerative condition.

In *Chiles v. Colvin,* the court found no error in the ALJ's failure to discuss in his decision certain pre-application evidence regarding the plaintiff's fungal infection symptoms that pre-dated the plaintiff's SSI application by over eight years. No. 3:12-cv-3516-L-BH, 2014 WL 6300888, at *8-10 (N.D. Tex. Feb. 18, 2014). In the instant case, on the other hand, the pre-application evidence pertains to a degenerative condition and pre-dates the plaintiff's application by a mere six months – well within the time period for which the ALJ had a duty to develop the plaintiff's medical history.

In the time since the Commissioner provided its authorities in support of its argument in this case, this court rendered its decision in *Cauthen v. Commissioner of Social Security*, --- F.Supp.3d --- , No. 4:19-cv-14-DAS, 2019 WL 6166281 (N.D. Miss. Nov. 20, 2019). In that case, the court found no error in the ALJ's finding of only nonsevere impairments, concluding that none of the claimant's pre-SSI application medical records related to whether she was disabled during the relevant time period, the few medical records during which period showed

4

normal findings or had no relation to the determinable impairments.  *Cauthen,* 2019 WL 6166281, at *4.  In reaching its conclusion, the court relied on some of the very cases cited by the Commissioner in this case, but the court also acknowledged that in rare instances, "medical records from before [the application date] may be relevant to the extent they provide information relative to whether [claimant] was disabled on or after the date of the application."  *Id.* (quoting *Karen D. v. Berryhill,* No. 6:19-cv-0001-BL, 2019 WL 1228200, at *1 (N.D. Tex. Mar.15, 2019)).  For the reasons discussed herein, the court believes the instant case presents one such instance.

The Commissioner argues that the June 13, 2018 x-ray report finding only mild degenerative arthritis in both hips moots the pre-application x-ray report finding moderate arthritis in the left hip and eliminates any reasonable possibility that the pre-application x-ray report would alter the outcome of the case, as if the latter x-ray report conclusively establishes that the plaintiff's degenerative condition had improved since the earlier x-ray.  This argument overlooks the very real possibility that the two x-ray reports reflect different interpretations of similar x-rays by two different radiologists.  In fact, counsel for the Commissioner stated at oral argument, "I guess it's probably just a different interpretation of a different radiologist."  The court agrees, and it was prejudicial for the ALJ to discount the CE's opinion and the plaintiff's statements as inconsistent with only one of the x-ray reports, when the ALJ failed to fulfill his duty – and to do as a he said he would do – to obtain for consideration medical records containing another x-ray report which is more consistent with the CE's opinion and the plaintiff's statements.

For the above reasons, the court concludes that the Commissioner's decision is not

supported by substantial evidence because the ALJ failed to fully and fairly develop the record. Therefore, the Commissioner's decision will be reversed and remanded for a rehearing under sentence four of § 405(g).

### Sentence six of § 405(g) is inapplicable.

The Commissioner argues that remand for consideration of the Baptist x-ray report is not permitted under sentence six of 42 U.S.C. § 405(g), which permits remand for consideration of additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." However, as explained by the Fifth Circuit in *Kane v. Heckler,* "read in context this [sentence] is applicable to the situation in which the claimant seeks to expand the record," not to the situation where the ALJ's failure to conduct a proper hearing consists of failing to consider available evidence. 731 F.2d 1216, 1220 (5th Cir. 1984). In the instant case, the Baptist x-ray report was available upon request; the ALJ had a duty to request it and advised the unrepresented plaintiff that he would request it; and yet the ALJ did not request it. "It is not the purpose of § 405(g) to condone such a dereliction. The statute must be read in the light of its purpose, without expansion of its terms to a situation not intended to be embraced." *Kane,* 731 F.2d at 1220. Further, this court has stated that a remand due to error where an ALJ fails to fully develop the record is a sentence four remand and not a sentence six remand. *Moore v. Astrue,* 228 Soc.Sec.Rep.Serv. 343, 2016 WL 1736929, at *3 (N.D. Miss. 2016) (citing *Ingram v. Commissioner of Social Security Adm.,* 496 F.3d 1253 (11th Cir. 2011)).

### The Commissioner is not entitled to relief based on newly discovered evidence.

In support of its alternative request for a judgment in its favor based on newly discovered

evidence, the Commissioner has submitted documents that were mistakenly omitted from the certified administrative record. The Commissioner contends that this new evidence – a request for records from Baptist Medical Center - Attala and the hospital's response indicating no such records were found – confirms that the ALJ did in fact request records from that provider as he said he would at the administrative hearing, and that no records were found, indicating a lack of treatment. The newly submitted evidence, however, does not show what the Commissioner contends it shows.

At the administrative hearing, when asked by the ALJ if he had been to a doctor anywhere since June of 2016, the plaintiff responded, "Yes, I've been to Baptist." Once the ALJ ascertained the plaintiff was referring to Baptist Medical Center - Attala, and after discussing when the plaintiff may have been treated there, the ALJ advised, "Okay, so what we'll do, just to be on the safe side, we'll order those [Baptist records] from June of 2016 to present, okay?" However, the request for records submitted as newly discovered evidence by the Commissioner only requested records "dated January 2017 to present." Docket 25-2. Contrary to the Commissioner's contention, this evidence confirms the ALJ did ***not*** do what he said he would do and what is required by 20 C.F.R. § 416.912(b)(1). Had he done so, the ALJ would have obtained the December 5, 2016 x-ray report finding moderately severe osteoarthritis of the left hip – evidence that was available but was not requested by the ALJ. As discussed herein above, this failure to develop the record prejudiced the plaintiff, and the Commissioner is entitled to no relief based upon the newly submitted evidence confirming this error.

## Conclusion

For the above reasons, the Commissioner's Motion for Relief from Judgment or Order is

GRANTED IN PART AND DENIED IN PART.  An amended judgment will be entered making clear that it is a final judgment reversing and remanding the case for a rehearing under sentence four of § 405(g).

SO ORDERED, this the 6th day of January, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE